FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 06 2010 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

THE CITY OF NEW YORK and THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF CITY OF NEW YORK,

    Plaintiffs,

vs.

PACIFIC EMPLOYERS INSURANCE CO.,

    Defendant.

Civil Action No. _____

10 - 1518

NOTICE OF REMOVAL

ROSS, J.

GO, M.J.

**TO THE JUDGES FOR THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK:**

**PLEASE TAKE NOTICE** that Defendant Pacific Employers Insurance Company ("Defendant" or "Pacific") hereby files this Notice of Removal of the above-captioned matter from the Supreme Court of the State of New York, County of Kings, Index No. 4955/10, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support, states:

    1.    This action was commenced against Pacific in the Supreme Court of the State of New York, County of Kings, Index No. 4955/10 on or about February 26, 2010 (the "State Court action"). A true and correct copy of the Summons and Complaint are attached hereto as <u>Exhibit A</u>.

    2.    The Summons and Complaint were received by the Defendant on March 8, 2010. Therefore, removal of this action is timely pursuant to 28 U.S.C. § 1446(b) as this Notice was filed within thirty (30) days after service of the Complaint on Pacific.

    3.    Upon information and belief, Plaintiff The City of New York (the "City") is a municipal corporation organized and existing under the laws of the State of New York and Plaintiff The Board of Education of the City School District of City of New York (the "DOE") is a corporate body created under the laws of the State of New York, with its principal place of

business located in the City and State of New York (the City and the DOE are collectively referred to herein as "Plaintiffs"). Defendant Pacific Employers Insurance Company is a foreign corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

4. Plaintiffs are seeking a judgment declaring that Pacific is obligated to defend the City and the DOE in an action entitled Thomas Marten and Christine Marten v. City of New York and the New York City Department of Education, currently pending in the Supreme Court of the State of New York, County of Kings, Index No. 622/05 (the "Marten action"), and for recovery of fees and expenses related to the City's defense of itself and the DOE in the Marten action.

5. In light of the allegations in the Marten Complaint, the type of damages sought by Plaintiffs, and the types of injuries described by Plaintiffs, a reasonable reading of the Marten Complaint reveals that the amount in controversy in the instant matter is in excess of $75,000, exclusive of interest and costs.

6. Based on the aforesaid, this Court has jurisdiction over this action based upon diversity of citizenship under 28 U.S.C. § 1332.

7. This Notice of Removal is being filed in the Eastern District of New York, the district court of the United States for the district within which the State Court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

8. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiffs, and a copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Kings, in the form attached hereto as Exhibit B.

9. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant respectfully requests that this action be duly removed to this Court, and that it proceed herein.

Dated: New York, New York
April 6, 2010

**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Telephone (212) 613-2000
Facsimile (212) 290-2018
msidoti@gibbonslaw.com
psaso@gibbonslaw.com
*Attorneys for Defendant
Pacific Employers Insurance Company*

By: /s/ Mark S. Sidoti
Mark S. Sidoti
Paul A. Saso

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------x

THE CITY OF NEW YORK and THE BOARD OF
EDUCATION OF THE CITY SCHOOL DISTRICT OF
CITY OF NEW YORK,

                        Plaintiffs,

     -against-

PACIFIC EMPLOYERS INSURANCE CO.,

                        Defendant.

---------------------------------------------------------------------x

**SUMMONS**

Index No. 4955 /10

Filed: February 26, 2010

**TO THE ABOVE-NAMED DEFENDANT:**

     **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiffs' attorney an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

     Plaintiffs designate Kings County as the place of trial in accordance with CPLR § 503(a).

Dated:     New York, New York
             February 26, 2010

                           **MICHAEL A. CARDOZO**
                           Corporation Counsel of the City of New York
                           Attorney for Plaintiffs
                           100 Church Street, 20th Floor
                           New York, NY 10007
                           (212) 442-0588

                    By: _Sabita Krishnan_
                         Sabita Krishnan
                         Assistant Corporation Counsel

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------x

THE CITY OF NEW YORK and THE BOARD OF
EDUCATION OF THE CITY SCHOOL DISTRICT OF
CITY OF NEW YORK,

                              Plaintiffs,

-against-

PACIFIC EMPLOYERS INSURANCE CO.,

                              Defendant.

----------------------------------------------------------------x

**VERIFIED COMPLAINT**

Index No. _____/10

Filed: February 26, 2010

Plaintiffs, the City of New York (the "City") and the Board of Education of the City School District of the City of New York, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, allege upon personal knowledge as to themselves and upon information and belief as to all other matters:

## INTRODUCTION

1. This is an action for a declaration that defendant Pacific Employers Insurance Company ("Pacific") has a duty to defend the City and the DOE in action entitled *Thomas Marten and Christine Marten v. City of New York and the New York City Department of Education*, Index No. 622/05, Supreme Court, Kings County (the "*Marten* Action") and for recovery of the City defense costs in the *Marten* Action.

## PARTIES

2. The City is a municipal corporation organized pursuant to the laws of the State of New York.

4955/2010 Summ. & compl. (Page 3 of 11)

Case 1:10-cv-01518-ARR-MDG   Document 1   Filed 04/06/10   Page 6 of 19 PageID #: 6

3. The DOE is a body corporate created under the laws of the State of New York, with its principal place of business located in the City and State of New York.

4. Defendant Pacific is an insurance company transacting insurance business in New York with its principal place of business at 436 Walnut St., Philadelphia, Pa 19106.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over defendants pursuant to CPLR §§ 301 and 302.

6. Venue in Kings County is proper pursuant to CPLR § 503(a).

## FACTS

7. On or about August 1, 2003, Johnson Controls Inc. ("Johnson") entered into a contract with the DOE for maintenance services at several New York City public schools, including the school formerly known as I.S. 49 ("I.S. 49"), located at 223 Graham Avenue, Brooklyn, New York (the "Contract").

8. Pursuant to the Contract, Johnson obligated itself to obtain a comprehensive general liability insurance policy in which the City and the DOE were named as additional insureds for claims arising out of Johnson's operations under the Contract.

9. Pursuant to its obligation under the Contract, Johnson purchased from Pacific a general liability policy (policy number HDOG2173195A) with an effective date of October 1, 2003 and an expiration date of October 1, 2004 (the "Policy").

10. Johnson is a named insured under the Policy.

11. The City and the DOE are additional insureds under the Policy.

12. On or about November 18, 2003, Thomas Marten ("Marten") was allegedly injured at the entranceway to I.S. 49.

2

13. On or about January 3, 2005, the City was served with a summons and verified complaint in the *Marten* Action (the "*Marten* Complaint"). The *Marten* Complaint alleges that Marten was injured at the entranceway to I.S. 49 as a result of the defendants' negligent maintenance of the premises.

14. Accordingly, the allegations of the *Martin* Complaint are within the coverage of the Pacific Policy.

15. The *Marten* Action did not name Johnson as a defendant. On or about December 11, 2009, the City and the DOE served Johnson with a summons and third-party complaint.

## Pacific's Liability

16. Based on instructions of Johnson's counsel, the City and Johnson have a long standing practice that the City sends to Johnson's counsel notice of any claim filed against the City or the DOE that arises out of Johnson's operations under a contract with the City or the DOE. Johnson is Pacific's agent with respect to accepting and responding to notices of claims under the Policy.

17. By facsimile dated July 6, 2007, the New York City Law Department (the "Law Department") notified Johnson's counsel of the City's receipt of the *Marten* Complaint and requested a defense for the City and the DOE in the *Marten* Action.

18. Upon information and belief Johnson's counsel forwarded the *Marten* Complaint to Pacific.

19. The Law Department again demanded a defense by facsimiles dated October 5, 2007 and November 30, 2007 sent to Johnson's counsel. The Law Department also included a New York City Police Department Line-of-Duty Injury Report, stating that Marten

3

was injured after he slipped on wet stairs at I.S. 49 on November 18, 2003, with the latter facsimile.

20. Having failed to receive any written response from Pacific in over two years, on October 26, 2009 the Law Department again contacted Johnson's counsel by email and requested a written response.

21. By email dated October 27, 2009, Johnson's counsel responded, rejecting the tender because the claims did not fall within the scope of Johnson's responsibility and/or the tender was untimely. Johnson made this disclaimer as Pacific's agent.

22. The disclaimer is invalid under the law of New York.

23. As of the date of this complaint, Pacific has failed to assume the defense of the *Marten* Action.

24. As a result of Pacific's failure to provide the City and the DOE with a defense in the *Marten* Action, the City and the DOE have defended themselves through the Law Department.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Declaration of Duty to Defend)

25. The City and the DOE repeat and reallege paragraphs 1 through 24 as if fully set forth herein.

26. Despite the City and the DOE's demand that Pacific defend them in the *Marten* Action under the Policy, Pacific has failed and refused to do so, in breach of its obligations under that policy.

27. Pacific's failure to accept the City and DOE's tender of defense in the *Marten* Action violates the Policy and the law.

4

4955/2010 Summ. & compl. (Page 6 of 11)

Case 1:10-cv-01518-ARR-MDG   Document 1   Filed 04/06/10   Page 9 of 19 PageID #: 9

28. There is therefore an actual controversy of a justiciable nature between the City and the DOE and Pacific as to whether Pacific is obligated to defend the City and the DOE in the *Marten* Action under the terms of the Policy. A judicial declaration that Pacific is obligated to defend the City and the DOE is necessary and appropriate at this time because, as a result of Pacific's failure to accept the City and DOE's tender of defense, the City has been forced to incur costs and expenses in providing its own defense and a defense of the DOE and may be forced, at any time, to pay any settlement or judgment.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Recovery of Costs of Defense)

29. The City and the DOE repeat and reallege paragraphs 1 through 28 as if fully set forth herein.

30. Beginning no later than the City and DOE's July 6, 2007 demand, Pacific has been obligated to defend the City and the DOE in the *Marten* Action.

31. Despite the City and DOE's demand that Pacific provide the City with a defense in the *Marten* Action, Pacific has failed and refused to do so.

32. When an insurance carrier has wrongfully refused to acknowledge its defense obligation, the Law Department charges the carrier $250 per hour for attorney time and $75 per hour for paralegal time.

33. Pacific is accordingly liable for the City's defense costs in the *Marten* Action, beginning no later than July 6, 2007, through the time that Pacific undertakes such defense in the *Marten* Action, at the rate of $250 per hour for attorney time and $75 per hour for paralegal time, plus out-of-pocket costs and interest.

34. **WHEREFORE**, the City and the DOE demand judgment:

5

(a) On the First Cause of Action, declaring that Pacific is obligated under the Policy to defend the City and the DOE in the *Marten* Action;

(b) On the Second Cause of Action, against Pacific for fees and expenses relating to the City's defense of itself and the DOE in the *Marten* Action, at the rate of $250 per hour for attorney time and $75 per hour for paralegal time plus out-of-pocket expenses and interest, from July 6, 2007 through the time when Pacific comes to provide such defense of the *Marten* Action, in an amount to be proven at trial; and

(c) For such other relief as this Court may deem just and proper.

Dated: New York, New York
February 26, 2010

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        *Attorney for Plaintiffs the City of New York*
        *and the Board of Education of the City*
        *School District of the City of New York*
        100 Church Street, Rm. 20-91
        New York, New York 10007
        (212) 442-0588

By: *[signature]*
     SABITA KRISHNAN
     Assistant Corporation Counsel



| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Sabita Krishnan<br>Phone: (212) 442-0588<br>Fax: (212) 788-1633<br>skrishna@law.nyc.gov |

Dear Sir or Madam,

    The City of New York and the Board of Education of the City School District of the City of New York (the "Board") are the plaintiffs in the case, *City of New York and the Board of Education of the City School District of the City of New York v. Pacific Employers Insurance Co.* As counsel for the City and the Board, I request that you assign this case an index number.

    The City and the Board are exempt from paying a fee under section 8019(d) of the Civil Practice Law and Rules, which states as follows: "A clerk of a county within the City of New York shall not charge or receive any fee from the City of New York or the State of New York or from any agency or officer of either acting in official capacity."

                                                   Sincerely yours,

                                                   Sabita Krishnan
                                                   Assistant Corporation Counsel

FILED
2010 FEB 26 PM 1:18
KINGS COUNTY CLERK

## VERIFICATION

STATE OF NEW YORK    )
                                    : SS.:
COUNTY OF NEW YORK  )

Sabita Krishnan, being duly sworn, says that she is an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York; that the City of New York and the Board of Education of the City School District of the City of New York are the plaintiffs in the within action; that the allegations in the Complaint as to plaintiffs are true to her knowledge; that the matters alleged therein upon information and belief, she believes to be true; and that the basis of her knowledge is the books and records of the plaintiffs and/or statements made to her by officers or employees thereof. This verification is not made by the plaintiff because the plaintiffs are a municipal corporation and a governmental board.

_Sabita Krishnan_
SABITA KRISHNAN

Sworn to before me this
26th day of February 2010

_Richard J. Costa_
NOTARY PUBLIC

RICHARD J. COSTA
Notary Public, State of New York
No. 02CO6032573
Qualified in Kings County
Commission Expires Nov. 1, 2013

2010 FEB 26 PM 1:18
KINGS COUNTY CLERK
FILED



**INSURANCE DEPARTMENT**
**STATE OF NEW YORK**
One Commerce Plaza
Albany, NY 12257

STATE OF NEW YORK

Supreme Court, County of KINGS

Sabita

4955/10

The City of New York & The Board of Education of City School    Plaintiff(s)
District of City of New York

against

                                                                 Defendant(s)
Pacific Employers Insurance Company

RE :Pacific Employers Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows :

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Verified Complaint in the above entitled action on March 02, 2010 at New York, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

   Michael A. Cardozo
   Corporation Counsel of the City of New York
   100 Church Street,20th Floor
   New York, New York 10007

Persuant to the requirement of section 1212 of the Insurance Law, Defendant (s) is hereby notified of service as effected above . A copy of the paper is enclosed .

Duplicate to Defendant:

   Saverio M Rocca, Esq
   Pacific Employers Insurance Company
   436 Walnut Street WA04K
   Philadelphia, Pennsylvania 19106

Clark J. Williams
Special Deputy Superintendent

Dated Albany, New York, March 03, 2010
467215

STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------

City of NY                    Plaintiff(s)/Petitioners(s).    **AFFIDAVIT OF SERVICE**
            -against-
Pacific Employers Ins.                                         Index No.

                          Defendant(s)/Respondents(s).

------------------------------------------------

State of New York, County of New York  ss:

_Jonathan R. Vera_, being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age; 100 Church St NY NY 10007
That on 1/14/10, 20__ at 2:35 am/pm at 25 Beaver Street, NY NY 10014
deponent served the within Summons & Complaints on NYState Dept of Insurance, defendant therein named.

1. **INDIVIDUAL**  ☐ by delivering a true copy of each to said defendants personally, deponent knew the person so served to be the person described as said defendant therein.

2. **CORPORATION**  ☐ a _____ corporation, by delivering thereat a true copy of each to _____ personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be the authorized agent thereof.

3. **SUITABLE AGE PERSON**  ☐ by delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling house (usual place of abode) within the state.

4. **AFFIXING TO DOOR, ETC.**  ☐ by affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat.
   Day ____ Date ____ Time ____    Day ____ Date ____ Time ____
   Day ____ Date ____ Time ____    Day ____ Date ____ Time ____
   Verification:

**MAILING USE WITH 3 or 4**  ☐ Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to recipient's last known residence, at _____ and deposited said wrapper in ☐ a post office ☐ official depository under exclusive care and custody of the United States Postal Service within New York State.

**DESCRIPTION USE WITH 1, 2 or 3**  ☐ Deponent describes the individual served as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| ☑ Female | ☐ Black Skin | ☑ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5" | ☐ Under 100 Lbs. |
| ☐ Male | ☑ Brown Skin | ☐ Blond Hair | ☐ Balding | ☐ 21-35 Yrs. | ☑ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Red Skin | ☐ Brown Hair | ☐ Beard | ☑ 36-50 Yrs. | ☐ 5'4"-5'8" | ☑ 131-160 Lbs. |
| | ☐ White Skin | ☐ Gray Hair | ☑ Glasses | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Yellow Skin | ☐ Yellow Hair | ☐ Mustache | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

☐ Other _____

**USE IN NYC CIVIL CT**  ☐ The language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of said summons(es).

**MILITARY SERVICE**  ☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.

Upon information and belief I aver that the recipient is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

_____
Sworn to before me this 2 day of March 2010

MOSES S. WILLIAMS
Commissioner of Deeds
of New York No. 2-12722
__ in New York County
__ 1 20__

_____
Process Services Lic #

_____
Print name beneath signature

**INSTRUCTIONS:** Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

Index No. **4955/2010**

| |
|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>KINGS COUNTY |
| THE CITY OF NEW YORK and THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF CITY OF NEW YORK,<br><br>Plaintiffs,<br><br>- against -<br><br>PACIFIC EMPLOYERS INSURANCE CO.,<br><br>Defendant. |
| **AFFIDAVIT OF SERVICE** |
| *MICHAEL A. CARDOZO*<br><br>*Corporation Counsel of the City of New York*<br>*Attorney for Plaintiff City of New York*<br><br>*100 Church Street*<br>*New York, New York 10007*<br>*Of Counsel: Sabita Krishnan*<br>*Tel: (212) 442-0588* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ..........................................., 20___*<br><br>*................................................................... Esq.*<br><br>*Attorney for ......................................................* |

2010 MAR 25 PM 2:55

FILED
KINGS COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

THE CITY OF NEW YORK and THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF CITY OF NEW YORK,

                  Plaintiffs,

vs.

PACIFIC EMPLOYERS INSURANCE CO.,

                  Defendant.

Index No. 4955/10

**NOTICE OF FILING NOTICE OF REMOVAL**

---

TO:    Sabita Krishnan, Assistant Corporation Counsel
MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
100 Church Street, Room 20-91
New York, New York 10007
*Attorneys for Plaintiffs*
*The City of New York and The Board of Education*
*of the City School District of City of New York*

**PLEASE TAKE NOTICE** that Defendant Pacific Employers Insurance Company ("Defendant") in the above-captioned action has this day filed a Notice of Removal, a copy of which is attached hereto as Exhibit 1, in the Office of the Clerk of the United States District Court for the Eastern District of New York. You are also advised that Defendant, upon filing of said Notice of Removal, filed a copy of the Notice with the Clerk of the Supreme Court of the State of New York, County of Kings, which has effected this removal in accordance with 28 U.S.C. § 1446(d).

#1504210 v1
109735-68673

Dated: New York, New York
April 6, 2010

**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
(212) 613-2000
*Attorneys for Defendant*
*Pacific Employers Insurance Company*

By: _____
~~Mark S. Sidoti~~
Paul A. Saso